


FILED
Jun 02, 2022
11:55 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Cornelius Williams | ) | Docket No.      2021-08-0990 |
| | ) | |
| v. | ) | State File No.   50315-2021 |
| | ) | |
| People Ready, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded

---

The employee, a construction laborer, reported experiencing knee and neck pain when a large metal pipe struck his left leg and pinned him momentarily. The employer accepted the compensability of the claim and initiated benefits by directing the employee to a walk-in clinic. After several weeks of evaluation and treatment, the provider at the walk-in clinic made a "stat" referral to an orthopedic specialist, and the walk-in clinic's staff scheduled the employee an appointment with a specific orthopedic physician to occur two business days after the referral. Approximately one month later, the employer's representative provided the employee a panel of orthopedic specialists and informed the employee that treatment with the orthopedic physician he had already seen was unauthorized. The employee declined to select a new orthopedic physician from the employer's panel. Following an expedited hearing, the trial court ordered the employer to authorize treatment with the orthopedic physician the employee had seen upon the referral of the original medical provider, and the employer appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin joined.

Nicholas S. Akins and David E. Goudie, Nashville, Tennessee, for the employer-appellant, People Ready, Inc.

Andrew L. Wener, Memphis, Tennessee, for the employee-appellee, Cornelius Williams

**Factual and Procedural Background**

Cornelius Williams ("Employee") worked for People Ready, Inc. ("Employer"), as a construction laborer and electrician. On June 24, 2021, Employee was working at a water facility with two other employees, including his supervisor who was preparing to cut a large metal pipe. As Employee and a co-worker were positioned near the pipe, the supervisor completed cutting the pipe and it fell toward them. Employee later testified that it "caught us off guard," struck his left knee, and "pinned on us for a minute." After the incident, Employee called the employer's office to report the accident and was directed to Concentra, a walk-in clinic, for evaluation. Employee testified he was not provided a panel of physicians but was told to go to Concentra. There, Employee was evaluated by Dr. Chauntay Bradley, who diagnosed a ligament sprain in the left knee, a knee contusion, and "acute strain of neck muscle." He was given a knee brace and medication. He was also released to return to "modified work" and was referred for an MRI and physical therapy. After completing several therapy visits over the next several weeks and the MRI on August 18, Employee returned to Concentra on August 19, 2021, where he was seen by a nurse practitioner. At that visit, the provider recorded an additional diagnosis of "rupture of anterior cruciate ligament of left knee." Under "Treatment Status Comment," the provider noted "STAT ORTHO REFERRAL."[1]

According to Employee's testimony, the provider at Concentra referred him to Titan Orthopedics. He received a referral slip from staff at Concentra that had Dr. John Lochemes's name printed on it with a map to Dr. Lochemes's office and a date and time for the appointment. The referral was made on Thursday, August 19, and the appointment was scheduled for the following Monday, August 23.

Employee attended the appointment with Dr. Lochemes, who noted a primary complaint of left knee pain. According to Dr. Lochemes's August 23 report, Employee reported "buckling[,] giving way and popping and catching in the left knee and swelling." During his physical examination, Dr. Lochemes noted swelling of the medial side of the left knee. He reviewed the MRI and noted osteoarthritic changes, a "displaced tear of the medial meniscus," a "complete ACL tear," and an "intra articular loose body within the lateral compartments superior to posterior horn of the lateral meniscus." He acknowledged that the ACL tear and meniscal fragment were "indeterminate in age," but the osteoarthritic changes were "considered chronic findings." After reviewing treatment options, including surgery, Dr. Lochemes noted that "the decision for surgery was made today." With respect to the issue of causation, Dr. Lochemes stated, "he has unstable left knee [and] a meniscal tear. It appears that clearly related to the on-the-job injury."

---

[1] Merriam-Webster defines "stat" in this context to mean "without delay: immediately." Merriam-Webster, https://www.merriam-webster.com/dictionary/stat?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last visited May 31, 2022).

A representative of Employer's insurer, Alexandra Booher, submitted a Rule 72 Declaration for consideration at the expedited hearing. According to her Declaration, Ms. Booher did not become aware of Concentra's "stat ortho referral" until "sometime in the month of September." By that time, she had already received a call from Dr. Lochemes's office requesting authorization for surgery. She advised Dr. Lochemes's office that they were not authorized to treat Employee. On September 22, 2021, a month after Employee's initial appointment with Dr. Lochemes, she offered Employee a panel of orthopedic specialists that did not include Dr. Lochemes. In her Declaration, Ms. Booher asserts she never received a copy of the referral slip evidencing a direct referral from Concentra to Dr. Lochemes until Employee's counsel provided her a copy on October 6, 2021.

Following the expedited hearing, the trial court concluded Employee was entitled to continue treating with Dr. Lochemes as his authorized orthopedic physician. The court reasoned that, because Employer never provided Employee a panel of physicians when the accident was initially reported, Employer cannot now complain that it was not given a reasonable opportunity to provide a panel of orthopedic specialists.[2] Employer has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

---

[2] In its expedited hearing order, the trial court also considered Employee's claim for additional temporary disability benefits, but it declined to award any such benefits. Employee did not appeal that aspect of the trial court's order.

3

**Analysis**

The issue in this case requires consideration of the interplay between several statutes and regulations. As noted by the trial court, Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) governs referrals to specialists, but it applies in circumstances where "the treating physician, *selected in accordance with this subdivision (a)(3)(A) . . .* [makes] referrals to a specialist physician, surgeon, or chiropractor." Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii) (emphasis added). When a panel-selected physician makes such a referral, that physician is statutorily required to "immediately notify the employer." *Id.* Thereafter, "the employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel." *Id.*

However, there is another statute that must be considered in this case. Subsection 204(a)(3)(E) provides as follows:

> In all cases where the treating physician has referred the employee to a specialist physician, . . . the specialist physician . . . to which the employee has been referred, *or* selected by the employee from a panel provided by the employer, *shall* become the treating physician until treatment by the specialist physician . . . concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel . . . .

Tenn. Code Ann. § 50-6-204(a)(3)(E) (emphasis added). Thus, whether the referral is made directly by an authorized treating physician, or selected from a panel of physicians, the physician to whom the employee has been referred is designated a "treating physician."

Finally, subsection 204(a)(3)(H) states, "Any treatment recommended by a physician or chiropractor pursuant to this subdivision (a)(3) *or by referral, if applicable*, shall be presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H) (emphasis added).

Moreover, there are regulations pertinent to this case. For example, Tenn. Comp. R. and Regs. 0800-02-01-.06(1) states as follows:

> Following receipt of notice of a workplace injury and the employee expressing a need for medical care, an employer *shall*, as soon as practicable but no later than three (3) business days after receipt of such a request, provide the employee a panel of physicians as prescribed in [Tennessee Code Annotated] § 50-6-204.

(Emphasis added.) *See also* Tenn. Comp. R. & Regs. 0800-02-01.06(4) (An employer's act of directing an employee to an on-site or other "employer-sponsored medical provider"

4

does not "alleviate the requirement for providing an appropriate panel within the three (3) business days.").

As noted by the trial court, we have previously concluded that "an employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own." *Ducros v. Metro Roofing and Metal Supply Co.*, No. 2017-01-0228, 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Tenn. Workers' Comp. App. Bd. Oct. 17, 2017). *See also Rhodes v. Amazon.com*, No. 2018-01-0349, 2019 TN Wrk. Comp. App. Bd. LEXIS 24 (Tenn. Workers' Comp. App. Bd. June 11, 2019) ("[t]he statutory scheme . . . contemplates direct referrals to specialists and provides employers the option of accepting the referrals or, instead, providing a panel of specialists").

In the present case, Employer, whether directly or through its authorized representative, failed to satisfy the requirements of Tennessee Code Annotated section 50-6-204(a)(3)(i) and/or Tenn. Comp. R. and Regs. 0800-02-01-.06(1) by providing an appropriate panel within three business days of Employee's expressing a need for medical care. Instead, the record supports a conclusion that, after Employee reported the work accident and requested medical care, Employer *directed* Employee to a single medical provider, Concentra. Moreover, upon making a "stat" referral to an orthopedic specialist, Concentra, Employer's authorized provider, failed to "immediately notify the employer" of the referral as required by Tennessee Code Annotated section 50-6-204(a)(3)(a)(ii). That led, in turn, to Employer or its insurer failing to respond within three business days of the referral as required by subsection 204(a)(3)(A)(ii). Thus, even if we were to conclude that the provisions of the "direct referral" statute apply in this case, Employer is "deemed to have accepted the referral" to Dr. Lochemes in accordance with the express language of that subsection.

Regardless, we agree with the trial court that the provisions of subsection 204(a)(3)(A)(ii) were not triggered because Concentra, the provider to whom Employee was directed, was not "selected in accordance with this subdivision (a)(3)(A)." Instead, we conclude the provisions of subsection 204(a)(3)(E) apply, meaning that Dr. Lochemes became the treating physician when the authorized treating provider, Concentra, made the referral, and Employer failed to take appropriate action within three business days. We also conclude that Dr. Lochemes's treatment recommendations, in accordance with subsection 204(a)(3)(H), are "presumed to be medically necessary." Therefore, we agree with the trial court's designation of Dr. Lochemes as an authorized treating physician.

**Conclusion**

Accordingly, for the reasons set out above, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Cornelius Williams )    Docket No.  2021-08-0990
)
v. )    State File No.  50315-2021
)
People Ready, Inc., et al. )
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Deana C. Seymour, Judge )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of June, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Nicholas S. Akins | | | | X | nakins@morganakins.com dgoudie@morganakins.com plunny@morganakins.com |
| Andrew L. Wener | | | | X | awener@wenerlawfirm.com |
| Timothy Kellum | | | | X | timothy.kellum@tn.gov |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov